UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK STEIN,

    Plaintiff,

v.

CLARK COUNTY, *et al.*,

    Defendants.

Case No. C02-5097 FDB

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants' motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) and motion for summary judgment. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants Defendants' motion and dismisses Plaintiff's complaint and causes of action in their entirety for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

In his complaint Plaintiff Jack Stein seeks damages for loss of liberty claiming that the Defendants unlawfully contributed to the dismissal of his appeal from his criminal convictions. In 1989, Mr. Stein was convicted in Clark County Superior Court of three counts of attempted murder

ORDER - 1

and one count of burglary and sentenced to forty-five years imprisonment. Plaintiff appealed, claiming that one jury instruction was erroneous. The appeal was dismissed for lack failure of Plaintiff to perfect the record. Plaintiff alleges the conduct of the Defendants caused the dismissal of the appeal. Plaintiff then petitioned this Court for relief and obtained the reinstatement of his appeal. The appeal resulted in the reversal of Stein's convictions and a retrial. On retrial, Plaintiff was found guilty of three counts of attempted murder in the 1st degree and one count of burglary in the 1st degree. Plaintiff was sentenced to fifty-five years in prison; ten more years than his original sentence. Plaintiff was given credit for all time served prior to sentencing.

**STANDARD FOR CR 12(b)(6) MOTION TO DISMISS**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, taking all his allegations as true and drawing all reasonable inferences from the complaint in his favor. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Doe v. U.S., 419 F.3d 1058, 1062 (9th Cir. 2005). The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); La Salvia v. United Dairymen, 804 F.2d 1113, 1116 (9th Cir. 1986). Thus, the court's task is merely to assess the legal feasibility of the complaint. Cooper v. Parsky, 140 F.3d 433, 440 (2nd Cir. 1998).

**STANDARDS FOR SUMMARY JUDGMENT**

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court is constrained to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party

ORDER - 2

bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.

## NO ACTION LIES FOR UNLAWFUL IMPRISONMENT

An action for false imprisonment does not lie where plaintiff is found guilty of the offense charged, thereby establishing that the arrest was justifiable. See, Heck v. Humphrey, 512 U.S. 477 (1984). Plaintiff was convicted on retrial of the same offenses and sentenced to a term of imprisonment that provided for full credit of the time served under the original conviction. Accordingly, although the initial judgment and sentenced were reversed, plaintiff has not been damaged as he has been provided full credit for his prior incarceration in the calculation of his sentence upon retrial. As such, Plaintiff's complaint fails to allege a claim upon which relief can be granted, or in the alternative, Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c), Defendants are entitled to dismissal of Plaintiff's complaint and causes of action.

ACCORDINGLY,

IT IS ORDERED:

Defendants' Motion to Dismiss [Dkt #57] is **GRANTED**, and Plaintiff's complaint and

ORDER - 3

causes of action are dismissed, with prejudice.

DATED this 15th day of June, 2007.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4