1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JACK STEIN,

11                    Plaintiff,

Case No.  C02-5097 FDB

12          v.

13   CLARK COUNTY *et. al.*,

AMENDED ORDER DENYING
LEAVE TO  PROCEED *IN FORMA
PAUPERIS*

14                    Defendants.

15

16

17          Plaintiff has filed a motion for leave to proceed *in forma pauperis* on appeal of the above

18   entitled civil rights action.  The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915,

19   requires that prisoners who bring civil actions or appeals from civil actions must "pay the full amount

20   of a filing fee." 28 U.S.C. § 1915(b)(1).  The filing fee is $455.00.  Prisoners who are unable to pay

21   the full amount of the filing fee at the time that their actions or appeals are filed are generally

22   required to pay part of the fee and then to pay the remainder of the fee in installments. 28 U.S.C. §

23   1915(b).  A court may authorize a petitioner to prosecute an action in federal court without

24   prepayment of fees or security if the petitioner submits an affidavit showing he or she is unable to

25   pay such fees or give security therefor.  28 U.S.C. § 1915(a).  The affidavit must include a statement

26   of all assets such prisoner possesses and that the person is unable to pay such fees or give security

27   therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that

28

the person is entitled to redress.  28 U.S.C. § 1915(a)(1).  However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under 28 U.S.C. § 1915(a)(1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.  28 U.S.C. § 1915(a)(2).  Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); Taylor, 281 F.3d at 850.  Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2); Taylor, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2).  Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Plaintiff's financial status, however does not end the Court's inquiry.  The PLRA also obligates the Court to review notice of appeals filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must *sua sponte* dismiss any IFP or

prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000); Resnick v. Hayes, 213 F.3d 443, 446 (9th Cir. 2000). As indicated in the dismissal of Plaintiff's claims, an action for false imprisonment does not lie where plaintiff is found guilty of the offense charged.  See, Heck V. Humphrey, 512 U.S. 477 (1984). Plaintiff was convicted on retrial of the same offenses and sentenced top a term of imprisonment that provided full credit of the time served under the original conviction.  Accordingly, Plaintiff has not been damaged by the alleged wrongful conduct of Defendants. Accordingly, the appeal lacks an arguable basis in fact and/or  law and thus the Court finds that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal [Dkt #68] is **DENIED.**  The Court certifies that the notice of appeal is not taken in good faith.

DATED this 6th day of August, 2007.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE